**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN NATHAN CAMPBELL,      :<br>*Plaintiff*,      :<br>      :<br>v.      :   CIVIL NO. 22-4748<br>      :<br>UNITED STATES OF AMERICA,      :<br>*Defendant.*      : | |

**MEMORANDUM OPINION**

**Scott, J.**                                                                                                       February 27, 2024

      Plaintiff John Nathan Campbell, proceeding *pro se*, has brought claims against the United States under the Federal Tort Claims Act ("FTCA"), alleging that the United States Department of Veterans Affairs ("VA") exposed him to a contaminated drug called Ranitidine when VA doctors prescribed it for him to treat his acid reflux disorder.

      The government initially moved for summary judgment and for entry of judgment of non pros based on Mr. Campbell's failure to file a certificate of merit supporting his claims of medical malpractice. However, after Mr. Campbell denied that he was asserting a claim for professional negligence, and the Third Circuit issued a precedential opinion holding that plaintiffs are not required to file certificates of merit in FTCA cases, the government shifted the basis for its motion from a request for the entry of summary judgment to a request for dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for strict liability.

      Because the complaint fails to meet the "plain statement" requirement of Federal Rule of Civil Procedure 8, the complaint will be dismissed without prejudice, and Mr. Campbell will be given an opportunity to amend the complaint to comply with the Federal Rules of Civil Procedure.

## BACKGROUND

*Factual Allegations*

According to the complaint, Mr. Campbell first sought treatment at the VA for his acid reflux disorder in 2002.  *See* Compl. (ECF No. 1) at 2.  He was prescribed a pharmaceutical drug known as Ranitidine (Zantac) to treat this condition.  *Id.*  He purchased his prescription for Ranitidine from the Coatesville, Pennsylvania VA pharmacy, which "repackaged" the drug into a different bottle before selling it to him and mailing it to his home in Lansdale, Pennsylvania.  *Id.*; Photo of Plaintiff's prescription bottle (ECF 1-1 at 9).  Mr. Campbell's VA doctors continued to prescribe Ranitidine for his acid reflux disorder until December 2019.[1]  Compl. at 2.  Throughout the seventeen years that he was prescribed Ranitidine, he continued to purchase his prescriptions from VA pharmacies, where the drug was always "repackaged" before it was mailed to him.  *Id.*

Mr. Campbell alleges that in 1988, which was four years before he sought treatment for his acid reflux, the VA removed Famotidine (Pepcid) -- another drug used to treat acid reflux -- from the VA National Formulary (VANF) and replaced it with Ranitidine.  *Id.*  He claims that the VA replaced the drug because it was cheaper than Famotidine, while ignoring evidence reported by researchers, as early as 1983, that Ranitidine contained a carcinogenic contaminant known as NDMA.  *Id.*  He alleges that it was known that Ranitidine was "an unstable molecule which degrades continuously into NDMA at normal temperatures, and speeds-up its degradation at higher temperatures."  *Id.*  He claims that the bottles the VA pharmacies used to repackage the Ranitidine did not protect against the degradation that occurred while the drug traveled through the mail for three days.  *Id.*

---

[1] Mr. Campbell alleges that the VA removed Ranitidine from the VANF in December of 2019 in anticipation of an FDA recall of Ranitidine on April 1, 2020.  *See* Compl. at 2.

Mr. Campbell further alleges that on April 1, 2020, the FDA requested the immediate withdrawal of all Ranitidine drugs from the market because Ranitidine contained the carcinogenic nitrosamine NDMA at dangerous levels. *Id.*; FDA News Release (ECF 1-1 at 2–4). Noting that FDA testing has not found NDMA present in Famotidine (Pepcid), Esomeprazole (Nexium), Lansoprazole (Prevacid), Omeprazole (Prilosec), or Cimetidine (Tagamet), he claims that the VA would have reduced or eliminated the foreseeable risk of harm posed by placing Ranitidine on the VANF if it had kept Famotidine (Pepcid) on the VANF or put any of the other four acid-reflux drugs on the VANF instead of Ranitidine. Compl. at 2.

As for damages, Mr. Campbell alleges that his exposure to contaminated Ranitidine has caused him to "relapse into a state of depression from which recovery is uncertain." Compl. at 3. He seeks five million dollars for "his egregious pain and suffering." *Id.*

The complaint appears to assert two claims against the VA, both under the FTCA. The first is a claim for strict liability for distributing a defective drug. *See* Compl. at 1 ("Claims: A. Under 3rd Restatement of Torts: STRICT LIABILITY- as SELLER, DISTRIBUTOR, REPACKAGER of Product (ranitidine)"; Compl. at 2 ("Accordingly, the standard of strict liability is invoked against the Defendant."). The second is for the VA's negligence in failing to warn the plaintiff about the dangers posed by Ranitidine. *See* Compl. at 1 ("Claims: B. Under 3rd Restatement of Torts: FAILURE TO WARN. Re Product (ranitidine)"; Compl. at 3 ("In addition, (I) The Defendant knew of the danger posed by ranitidine, or should have known. (II) The Defendant had a duty to warn Plaintiff of that danger. (Ill) The Defendant was negligent relative to its duty to warn.( IV) The Defendant's failure to warn was a major factor causing Plaintiff's most recent harm.").

*The Defendant's Motion*

Moving for summary judgment and a praecipe for entry of judgment non pros, the United States construed the complaint as asserting a claim for professional negligence in connection with medical care that Mr. Campbell received from the VA. *See* Def.'s Memo of Law in Support of Its Mot. for Summ. J. ("MSJ") (ECF No. 10) at 1.[2] It argued that the court should enter judgment of non pros against the plaintiff and in favor of the government because Mr. Campbell did not file a certificate of merit supporting his claims of medical malpractice, as required by Pennsylvania Rule of Civil Procedure 1042.3. *Id.* Under that rule, the plaintiff must file a certificate stating that "an appropriate licensed professional has supplied a written statement" indicating that he found that the care challenged in his complaint fell outside acceptable professional standards, which caused the plaintiff's damages. *See* Pa. R. Civ. P. 1042.3(a)(1).

In response to the government's motion for summary judgment, Mr. Campbell clarified that he is "not assert[ing] a claim for professional negligence for medical care." *See* Pl.'s Answer to Def.'s MSJ (ECF No. 12) at 2. He stated that he "does assert a claim for a 'wrongful act' by the Veteran's Affairs National Formulary (VANF) managers for knowingly purchasing a defective drug (ranitidine) to Distribute nationally, to veterans, and causing harm to plaintiff." *Id.* He further stated that "Strict Liability occurred Only ancillary to the 'wrongful act.'" *Id.*

In its reply to the plaintiff's answer to the motion, the government construes Mr. Campbell's answer to mean that he is proceeding solely on a theory of strict liability against the government. *See* Def.'s Reply in Further Support of Its MSJ ("Def.'s Reply") (ECF No. 1) at 1–

---

[2] One reason the government construed Mr. Campbell's claim as based in negligence was because any claims brought against the United States under the FTCA must be based on a "negligent or wrongful act or omission." MSJ at 1 n.1 (citing 28 U.S.C. §1346(b)). Consequently, a plaintiff may not bring a claim against the United States under the FTCA on a theory of strict liability. *Id.*

2. Asserting that a plaintiff may not bring a claim against the United States under the FTCA on a theory of strict liability, it argues that his complaint should be dismissed for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 2.

In his answer to the defendant's reply, Mr. Campbell denies that he "bring[s] this case asserting strict liability." *See* Pl.'s Answer to Def.'s Reply (ECF No. 14) at 1. He then repeats what he stated in his answer to the defendant's motion. *See id.* (stating that he is "asserting a claim for a 'wrongful act' by the VANF managers for knowingly purchasing a defective drug (ranitidine) to distribute Nationally to veterans, and causing harm to plaintiff. Strict liability occurred only Ancillary to the 'wrongful act.'").

While the motion for summary judgment was pending, the government filed a notice of supplemental authority alerting this court to a recent Third Circuit opinion holding that "Rule 1042.3's certificate of merit requirement does not apply in FTCA cases." *See* Def.'s Not. of Supp'l Auth. ("Not. of SA") (ECF No. 15) (citing *Wilson v. United States*, 79 F.4th 312, 316 (3d Cir. 2023)).[3] In light of the Third Circuit's decision, the government "withdr[ew] its argument that plaintiff John Campbell's failure to file a certificate of merit is a basis for granting summary judgment." *See* Not. of SA at 2. The government then shifted the basis for its motion from a request for the entry of summary judgment to a request for dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for strict liability. In spite of Mr. Campbell's statement in his answer to the defendant's reply that he "does not bring this case asserting strict liability," the government maintains that the complaint is "best read as alleging

---

[3] Specifically, the Third Circuit in *Wilson* found that Rule 1042.3 is not the "sort of liability-determining law that the FTCA incorporates," 79 F.4th at 317, but is "instead, a technical requirement dictating what plaintiffs must do in Pennsylvania state court to vindicate their rights." *Id.* at 318. On that basis, the court concluded that Rule 1042.3 is "not incorporated by the FTCA." *Id.*

5

strict liability normally associated with products liability torts" because it is "predicated on alleged distribution of a defective drug." *See* Not. of SA at 2–3.  Contending that the plaintiff's remaining claim is based on strict liability, the government argues that the complaint should be dismissed because a plaintiff may not bring a strict liability claim against the United States.

## LEGAL STANDARDS

*Standard of Review on a Motion to Dismiss Under Rule 12(b)(6)*

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences are drawn in the plaintiff's favor.  *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991)).  Additionally, a *pro se* plaintiff's pleadings must be considered deferentially, affording him the benefit of the doubt where one exists.  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (citing *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).  This means the court must construe a *pro se* complaint "liberally . . . . apply[ing] the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala*, 704 F.3d at 244).  Nevertheless, the plaintiff must allege facts necessary to make out each element of

each claim she asserts. *Mala*, 704 F.3d at 245; *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 563 n.8). A conclusory recitation of the elements of a cause of action is not sufficient. *Id.*

*Standard for Dismissal Under Rule 8*

A complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform with Rule 8, a pleading must contain "a short and plain statement showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "'[p]leadings must be construed so as to do justice.'" *Garrett,* 938 F.3d at 92 (quoting Fed. R. Civ. P. 8(e)). Additionally, this "already liberal standard is 'even more pronounced' where a plaintiff" is proceeding *pro* se. *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

In determining whether a pleading meets Rule 8's "plain statement" requirement, the court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett,* 938 F.3d at 93 (citation omitted). Additionally, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (citation omitted). The essential factor for the court to consider is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94 (citation omitted).

**DISCUSSION**

In its most recent filing, the government affirms that it is moving for dismissal of the complaint under Rule 12(b)(6) for failure to state a claim based on strict liability. Pointing to

7

allegations in the complaint that "the standard of strict liability is invoked against the Defendant," and the statement in plaintiff's answer to defendant's motion for summary judgment that "Plaintiff does not assert a claim for professional negligence for medical care. . . . Strict liability occurred," the government contends that the complaint is "best read as alleging strict liability normally associated with products liability torts" because it is "predicated on alleged distribution of a defective drug." *See* Not. of SA at 2–3.  It maintains that a plaintiff may not bring a claim against the United States under the FTCA on a theory of strict liability. *See id.* at 3 (citing *Laird v. Nelms*, 406 U.S. 797, 803 (1972) (it is well settled that the FTCA "did not authorize the imposition of strict liability of any sort upon the Government.")).  Contending that Mr. Campbell's complaint contains only a claim for strict liability, it argues that the complaint should be dismissed for failure to state a claim upon which relief can be granted.

      Mr. Campbell does not argue that he is entitled to bring a strict liability claim against the government.  Instead, he expressly denies that he is asserting a strict liability claim, and contends that the only claim he is asserting is that the VANF managers committed a "wrongful act" in "knowingly purchasing a defective drug (ranitidine) to distribute Nationally to veterans."  He states that any claim for strict liability is "only ancillary" to his primary claim that the VANF managers acted wrongfully.

      After reviewing the complaint and Mr. Campbell's responses to the defendant's motion, and construing the plaintiff's claims liberally in the plaintiff's favor, the court concludes that the complaint fails to meet Rule 8's "plain statement" requirement.  First, the allegations in the complaint and Mr. Campbell's statements in his responses to the defendant's motion are inconsistent with each other.  For example, the complaint alleges that the VA was negligent in failing to warn the plaintiff about the dangers posed by Ranitidine.  *See* Compl. at 1 ("Claims: B.

Under 3rd Restatement of Torts: FAILURE TO WARN. Re Product (ranitidine)"; Compl. at 3 ("In addition, (I) The Defendant knew of the danger posed by ranitidine, or should have known. (II) The Defendant had a duty to warn Plaintiff of that danger. (Ill) The Defendant was negligent relative to its duty to warn.( IV) The Defendant's failure to warn was a major factor causing Plaintiff's most recent harm."). But in his answer to the defendant's motion for summary judgment, as well as in his answer to the government's reply, Mr. Campbell contends that the only claim he is asserting is that the VANF managers committed a "wrongful act" in "knowingly purchasing a defective drug (ranitidine) to distribute Nationally to veterans." He mentions nothing about a duty to warn.

It is also unclear whether the allegations in the complaint that the bottles the VA pharmacies used to repackage the Ranitidine did not protect against its degradation while the drug traveled through the mail are part of a claim for strict liability or negligence.

Additionally, Mr. Campbell's allegations of damages are vague. Other than his allegation that his exposure to contaminated Ranitidine caused him to "relapse into a state of depression," he fails to allege any specifics of the harm he suffered and which conduct caused it. He alleges only that the defendant caused him to suffer "pain" and "harm."

Because of these pleading deficiencies, the court is unable to discern what legal claims Mr. Campbell is asserting. Even under Rule 8's liberal pleading standard, the "pro se complaint's language" simply does not "present[] cognizable legal claims to which a defendant can respond on the merits." *See Garrett*, 938 F.3d at 94. Therefore, the complaint will be dismissed without prejudice for failure to comply with Rule 8. Mr. Campbell will be given an opportunity to amend the complaint to comply with the Federal Rules of Civil Procedure.

**CONCLUSION**

Because the complaint fails to meet Rule 8's "plain statement" requirement, the complaint is dismissed without prejudice, and Mr. Campbell will be given an opportunity to amend the complaint to comply with the Federal Rules of Civil Procedure. The defendant's motion to dismiss the complaint under Rule 12(b)(6) for failure to state a claim upon which relief is granted to the extent that the plaintiff failed to adhere to Federal Rule of Civil Procedure 8, and his complaint is being dismissed without prejudice with leave to amend. The defendant's motion is denied as to Federal Rule Civil Procedure 12(b)(6) in that the court has afforded the plaintiff an opportunity to file an amended complaint.