IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN NATHAN CAMPBELL,<br>*Plaintiff*, | :<br>:<br>: |
| v. | : CIVIL ACTION<br>: NO. 22-4748 |
| UNITED STATES OF AMERICA,<br>*Defendant.* | :<br>: |

<u>**MEMORANDUM OPINION**</u>

Scott, J.                                                                                                               **March 6, 2025**

      Plaintiff John Nathan Campbell, proceeding pro se filed an Amended Complaint bringing suit against the United States under the Federal Tort Claims Act ("FTCA"), alleging that the United States Department of Veterans Affairs ("VA") provided him with a drug called Ranitidine. ECF No. 19. Pending before this Court is Defendant United States' Motion to Dismiss Plaintiff's Amended Complaint. ECF. No. 22. For the reasons that follow, Defendant's Motion to Dismiss is granted and the case is dismissed with prejudice.

I.     **FACTUAL BACKGROUND**

      In November 2022, Plaintiff filed a Complaint against the United States, alleging that the VA had engaged in a wrongful act, causing his depression to "relapse." ECF No. 1, [hereinafter "Compl."]. On February 27, 2024, this Court dismissed Plaintiff's Complaint without prejudice and granted him leave to amend the deficiencies. ECF No. 18 [hereinafter "Prior Opinion"]. Principally, the Prior Opinion found that the Complaint "fail[ed] to meet the 'plain statement' requirement of Federal Rule of Civil Procedure 8." Prior Opinion at 1. The Court found, *inter alia*, that the Complaint and Plaintiff's responses to motions were "inconsistent" and that the Complaint's "allegations of damages [were] vague." *Id.* at 8, 9.

      Following the Prior Opinion, Plaintiff timely filed an Amended Complaint, removing strict liability and failure to warn as causes of action. ECF No. 19 at 1 [hereinafter Am. Compl.].

Plaintiff's Amended Complaint clarified that he brings "this case asserting a claim for wrongful act," but asserts no factual allegations absent from the original Complaint. *Id.*

Thereafter, Defendant filed a motion to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6), alleging that the Amended Complaint failed to cure the Rule 8 deficiency and plead with specificity sufficient facts to successfully allege damages. Def. Motion. at 8. The issue before this Court is whether the Amended Complaint cured the Rule 8 "plain statement" deficiency and whether it sufficiently alleged specific facts to state a claim.

## II.     LEGAL STANDARD

*Standard of Review on a Motion to Dismiss Under Rule 12(b)(6)*

At the motion to dismiss stage, "a complaint must contain sufficient factual matter accepted as true, to state a claim [for] relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is plausible when the complaint pleads sufficient facts that allow the "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in a complaint are accepted as true and interpreted in the light most favorable to the plaintiff, and all inferences are drawn in the plaintiff's favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991)).

In addition, a pro se plaintiff's pleadings must be considered deferentially, affording him the benefit of the doubt where one exists. *Mala v. Crown Bay Marina*, Inc. 704 F.3d 239, 244 (3d Cir. 2013) (citing *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)). Therefore, pro se pleadings must be construed liberally. Courts shall apply "the relevant legal principle" even where a plaintiff's complaint fails to cite such principle. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala*, 704 F.3d at 244). Nonetheless, the burden to allege facts necessary to make out each element of a

claim remains. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 566 U.S. at 678.

*Standard of Dismissal Under rule 8*

Failure to comply with Federal Rule of Civil Procedure 8 may result in dismissal. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). A pleading must therefore contain "a short and plain statement showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). However, pleadings are to be construed "so as to do justice.'" *Garrett*, 938 F.3d at 92 (quoting FED. R. CIV. P. 8(e)). This liberal standard is even greater where plaintiffs proceed pro se. *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

To assess whether a pleading satisfies the Rule 8 "plain statement requirement," courts consider "whether, liberally construed, a pleading identifies discrete defendants and the actions taken by these defendants in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). In addition, a pleading fails to satisfy Rule 8 when it is so "'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it." *Id.* (citation omitted). The critical factor is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94 (citation omitted).

### III.  DISCUSSION

Plaintiff's Amended Complaint fails both to cure the pleading deficiencies previously identified in the Court's Prior Opinion and to state a claim for which relief can be granted.

Plaintiff brings a claim under the FTCA that the VA committed a "wrongful act" which resulted in damages. He maintains that the VA knowingly purchased and distributed a defective drug. Am. Compl. at 1. The Amended Complaint explicitly removed the strict liability and failure to warn claims. *Id.*

Ultimately, Plaintiff's Amended Complaint and briefing, given a favorable liberal construction, still fail to satisfy the Rule 8 Plain statement requirement. As was the principal issue in

3

the Prior Opinion, Plaintiff's removal of allegations from the Amended Complaint only exacerbates the deficiency in the original. Namely, the Court's inability to "discern what legal claims Campbell is asserting." Prior Opinion at 9. Campbell's Amended Complaint fails to allege specific facts for the "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Given a liberal construction and read in the light most favorable to the plaintiff, the court reads both the Amended Complaint and the original Complaint as alleging negligence. However, because the Amended Complaint fails to allege specific facts as to negligence and both the strict liability and failure to warn claims were removed, the Amended Complaint is insufficient such that "no defendant could reasonably be expected to respond." *Garrett*, 938 F.3d at 93.

Nevertheless, even supposing Plaintiff cured the Rule 8 deficiency, and sufficiently alleged a negligence claim, plaintiff must still sufficiently allege facts as to damages to make out a negligence claim. Here, Plaintiff's allegations as to damages are insufficient. The Amended Complaint alleged no new facts as to damages. As a result, the court considers the damage allegations contained within the original Complaint. Plaintiff alleged that he "relapsed into a state of depression," suffered a "sense of betrayal," and felt an "overwhelming feeling of hopelessness." Compl. at 3; Prior Opinion at 9. However, plaintiffs must show damages are "causally related to the specific matters complained of in the complaint." *Friedlander v. Veneman*, No. 3:CV-04-1649, 2007 U.S. Dist. LEXIS 27588, at *22 (M.D. Pa. Apr. 13, 2007); *see also Henderson v. Workforce Sols. Equifax, Inc.*, No. 23-CV-2408, 2023 U.S. Dist. LEXIS 141191, at *4 (E.D. Pa. Aug. 11, 2023) (dismissing a complaint "because the facts [were] alleged in an extremely brief and vague manner. Plaintiff failed to adequately aver "the circumstances surrounding the alleged false allegations . . ., why the allegations were false, and the extent of her alleged injury, such that the factual and legal bases for her claims remain entirely unclear."). Here, Plaintiff failed to allege sufficient facts to show a causal relation between the matters complained of and the damages incurred.

Plaintiff's Amended Complaint did not allege additional facts absent from the original Complaint. And, while "a district court should generally grant leave to amend," *Hanna v. Menges*, No. 21-3812, 2024 U.S. Dist. LEXIS 54637 (E.D. Pa. Mar. 27, 2024), if the court believes that amendment would be inequitable or futile, the court can dismiss the case with prejudice. *Id.* at *9; *see also Pollard v. Clark*, No. 1:20-CV-00194-SPB, 2022 U.S. Dist. LEXIS 151208 (W.D. Pa. June 13, 2022) ("Where a judicial opinion 'highlights the reasons for the deficiencies in the complaint and provides a roadmap to successful amendment,' and the plaintiff fails to cure those deficiencies by amendment, the district court properly exercises its discretion in dismissing the plaintiff's claims with prejudice."). Here, the Court granted leave to amend, and Plaintiff failed to cure the initial deficiencies in his Complaint. The Court further believes that Plaintiff is unable to cure any defect. Therefore, any additional leave to amend would be futile.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint is dismissed with prejudice as further amendment would be futile. An appropriate Order will follow.

BY THE COURT:

_____
**HONORABLE KAI N. SCOTT**
**United States District Court Judge**